Following a jury trial, the defendant was convicted of armed assault with intent to murder ( G. L. c. 265, § 18 [b ] ), assault and battery by means of a dangerous weapon resulting in serious bodily injury ( G. L. c. 265, § 15A [c ] [i] ), unlawful possession of a firearm ( G. L. c. 269, § 10 [a ] ),[2] and unlawful possession of a loaded firearm ( G. L. c. 269, § 10 [n ] ), each stemming from a shooting at the Ashmont Massachusetts Bay Transportation Authority (MBTA) station.[3] On appeal, he principally contends (as he did at trial) that there was insufficient evidence of his identity as the shooter. We affirm.
Sufficiency of the evidence. We review the defendant's claim that the evidence was insufficient to determine "whether the evidence offered by the Commonwealth, together with reasonable inferences therefrom, when viewed in its light most favorable to the Commonwealth, was sufficient to persuade a rational jury beyond a reasonable doubt of the existence of every element of the crime charged."[4] Commonwealth v. Lao, 443 Mass. 770, 779 (2005), quoting Commonwealth v. Campbell, 378 Mass. 680, 686 (1979). Here, despite minor discrepancies in witnesses' descriptions of certain details of the assailant's attire, the jury could rationally have found beyond a reasonable doubt that the defendant was the assailant. See Lao, supra at 780.
In particular, the defendant was geographically and temporally proximate to the scene of the shooting. He matched the complexion and build of the assailant and wore attire matching the assailant's. Specifically, the assailant wore dark pants with a unique reflective striping on the lower portion of each pant leg that was captured on video surveillance. Photographs of the pants worn by the defendant at the time of his arrest, as well as the pants themselves, were shown to the jury, and from this evidence the jury could find that the particular pants of the assailant in the video matched those worn by the defendant. See Commonwealth v. Doucette, 408 Mass. 454, 461 (1990). Furthermore, unlike others who were scattering and ducking as they fled from the scene, the defendant was sprinting away from the scene. Along his flight path, police found a black hat matching the description of the hat worn by the assailant at the time of the shooting. This hat bore a pattern -- a peace symbol -- matching the same symbol on the defendant's sneakers. Also found on the defendant's flight path was a firearm wrapped in a black shirt.[5] See Commonwealth v. Dyette, 87 Mass. App. Ct. 548, 552-553 (2015). These items were found within minutes of the shooting. Following his arrest, the defendant admitted he was at the MBTA station at the time of the shooting. Taking the evidence together, the jury could rationally find that the defendant was the shooter beyond a reasonable doubt. See Commonwealth v. Lodge, 431 Mass. 461, 465 (2000).
Missing witness instruction. Next, the defendant claims that the trial judge erred by declining his request to give a missing witness instruction. "We review a judge's decision to give or not give a missing witness instruction under the abuse of discretion standard." Commonwealth v. Williams, 450 Mass. 894, 901 (2008). Here, there was no such abuse. To begin, there is no reason to believe that the witness, Travis White, was not equally available to both the Commonwealth and the defendant. See Commonwealth v. Franklin, 366 Mass. 284, 293 (1974). Moreover, there is no reason to believe that White would have provided unique testimony adverse to the Commonwealth's case; instead, the defendant offers only speculation that White might have been able to identify the shooter's face.[6] "Because the inference [from a missing witness instruction], when it is made, can have a seriously adverse effect on the noncalling party -- suggesting, as it does, that the party has wilfully attempted to withhold or conceal significant evidence -- it should be invited only in clear cases, and with caution." Commonwealth v. Schatvet, 23 Mass. App. Ct. 130, 134 (1986). Accordingly, the trial judge's decision not to give a missing witness instruction was not manifestly unreasonable and did not constitute error.
Bystanders' statements. The defendant finally contends that the judge erred in permitting a responding officer to testify that, as he was running towards the MBTA station, bystanders indicated, "Over there. That way. He's going that way." Because this statement was not used to prove the truth of the matter asserted, we disagree. See Commonwealth v. Silanskas, 433 Mass. 678, 693 (2001). The statements were admitted for the limited purpose of showing the effect on the officer, who, in response, ceased running towards the MBTA station (from which the gunshots emanated), turned around, and proceeded down Ashmont Street. See Commonwealth v. Miller, 361 Mass. 644, 659 (1972) ("The hearsay rule forbids only the testimonial use of reported statements. It does not preclude the use of such statements for other valid purposes such as, in the case before us, the state of police knowledge which impelled the approach to the defendant"). See also Mass. G. Evid. § 801 (2018). Furthermore, the judge contemporaneously instructed the jury that the bystanders' statements were admitted for the limited purpose of why the officer did what he did. The defendant did not object to the instruction given. Accordingly, we discern no error, let alone a substantial risk of a miscarriage of justice.
Judgments affirmed.

The defendant had also been charged with said possession "as an armed career criminal" (G. L. c. 269, § 10G ), but the Commonwealth filed a nolle prosequi as to this portion of the indictment.

The defendant also was convicted of possession of ammunition without a firearm identification card (G. L. c. 269, § 10 [h ] ); however, this charge was dismissed as duplicative.

The defendant only challenges the sufficiency of the evidence with regard to the identity of the shooter.

Surveillance videos showed the shooter held a black cloth item in his hand as he fled.

This speculation is particularly dubious in light of White's position relative to the shooting as shown on the video surveillance and the testimony of the victim that he was unable to identify the assailant. The defendant also argues that, had White been called, the defendant would have impeached his statement to police that he was across the street when the shooting happened with the video showing that White was in his vehicle parked on the same side of the street as the MBTA station when the victim exited his vehicle. But the defendant had elicited this testimony from another witness.